437 P.2d 426

Paul WEBB, B. C. Maher and Leo T. Jansen, School Electors, Beaver Creek School District No. 26, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YAVAPAI, Honorable Lloyd C. Helm, Presiding Judge, Warner B. Dixon, County Superintendent of Schools of Yavapai County, Arizona, Marvin E. Rohrer, John J. Pruitt, and Bert Owens, Constituting the Board of Supervisors of Yavapai County, Arizona, Respondents.

No. 9039.

Supreme Court of Arizona.

In Banc.

Jan. 31, 1968.

David H. Palmer and Head & Head, by Donald R. Head, Prescott, for petitioners.

Eino M. Jacobson, Yavapai County Atty., W. K. Wilhelmsen, Deputy County Atty., Prescott, for respondents.

LOCKWOOD, Justice.

This controversy is here on a petition for writ of certiorari brought by petitioners, and granted by this Court on June 29, 1967. Our order granting the writ has stayed proceedings below pending our decision on questions raised by petitioners. The basic issue presented is whether petitioners were entitled to a stay of execution of the judgment in this case either by supersedeas bond or by a stay order, during the pendency of their appeal on the merits to the Court of Appeals.

Petitioners claim to represent "a substantial number" of the property owners within Beaver Creek School District No. 26, Yavapai County. They oppose a proposed annexation of School District No. 26 to Camp Verde School District of Yavapai County. Such an annexation would completely dissolve School District No. 26 as a separate and independent political entity and vest all district educational authority in the Camp Verde School District.

On June 24, 1966, a petition calling for annexation of Beaver Creek School District No. 26 (hereafter Beaver Creek) to Camp Verde School District (hereafter

Camp Verde) was presented to the Board of Trustees of Camp Verde. The procedure for effecting such an annexation is provided for by §§ 15–406, and 15–407 A.R.S. (1956).[1]

The Board of Trustees of Camp Verde approved the petition on June 27 and forwarded their approval to the County School Superintendent pursuant to A.R.S. § 15–406, subsec. C, supra, note 1. On July 12, petitioners as plaintiffs filed their complaint in the Superior Court of Yavapai County against the County School Superintendent, the Board of Supervisors and the Board of Trustees of Camp Verde Elementary and High School Districts No. 28, seeking an injunction to enjoin any further proceedings, and for a declaratory judgment that the petition for annexation did not bear the signatures of a majority of the electors of Beaver Creek as required by law. On the same day a preliminary injunction was issued containing the following language:

"IT IS HEREBY ORDERED:

"That a preliminary injunction shall be granted as follows:

"1. That the defendant WARNER B. DIXON, County Superintendent of Schools of Yavapai County, Arizona, pursuant to the laws of the State of Arizona, be, and said Superintendent is hereby directed to file the boundaries of Beaver Creek School District No. 26 *as now constituted and as proposed in the Petition for Annexation in question with the County Assessor, Yavapai County; it being stipulated by the parties and ordered by this Court that on determination*

---

1. The pertinent portions of §§ 15–406 and 15–407 are as follows:

§ 15–406. Annexation of District.

"A. A school district may annex itself to another district.

"B. A majority of the school electors of a school district may present a petition to the trustees of the district to which they desire to be annexed. The petition shall set forth the boundaries of the district to be annexed.

"C. If the board of trustees of the district to which the petition is presented approve the annexation, the petition shall be transmitted with the endorsement of the board of trustees to the county superintendent of schools. The superintendent, if no petition to prevent annexation signed by a majority of the school electors representing the district to which annexation is proposed to be made is received within fifteen days after transmittal of the petition requesting annexation, shall make his records of boundaries conform to the petition for annexation and so notify the board of supervisors. On and after the following July 1, the district shall be a part of the district to which it petitioned to be annexed."

§ 15–407. Annexation of Common School District to High School District

"A. A common school district contiguous to any high school or union high school district may annex itself to the high school or union high school district upon the petition of a number of electors of the common school district as is equal to or greater than a majority of the electors voting at the last preceding school election.

"B. The petition shall be presented to the governing board of the high school district to which annexation is proposed, setting forth the boundaries of the district to be annexed. The petition, if approved by the governing board of the district to which annexation is proposed, shall be transmitted with the endorsement of the board thereon to the county superintendent of schools.

"C. The electors of the high school district have fifteen days thereafter to make and file a protest against the annexation. If a number of electors of the high school district equal to or greater than a majority of the electors voting in the high school district at the last preceding school election file a protest, the county school superintendent shall call a special election on the question within ten days after the protest is filed.

"D. If a protest is not made and filed as provided in subsection C, or if a protest is filed and the question of annexation is carried by the election, the county superintendent shall make the records of the boundaries of the high school district conform to the petition of the electors of the common school district and shall notify the board of supervisors thereof. On and after the following July 1, the district shall become a part of the high school district thereby formed or presently existing to which it petitioned to be annexed, * * * ".

*of this action upon its merits that the boundaries of said Beaver Creek School District No. 26 will be established according to who prevails in the principal action;"* (Emphasis supplied.)

The matter was set for a hearing on the merits for July 20, and by stipulation the preliminary injunction was extended to August 11. A hearing was held on August 11 and 12, and at the close thereof, the Court by minute entry directed that judgment be entered for the defendant and that the complaint be dismissed. On August 18 a form of judgment was sent to the plaintiffs who filed their objections thereto on August 23, and requested findings of fact and conclusions of law from the court. Proposed findings of fact and conclusions of law were prepared by defendants and sent to the Court and to plaintiffs on December 21, five months after the request for such findings and conclusions. Hearing on the proposed findings was held April 7, 1967, nine months after the original objections, at which time the court ordered that plaintiffs prepare a proposed set of findings. Plaintiffs complied with the order by filing their proposed findings on April 18, 1967. Findings of fact and conclusions of law were signed by the court on May 3, 1967 and filed with the clerk on May 8, 1967. A written judgment was also entered and filed on May 8, 1967.

Plaintiffs moved for a new trial, the court denied the motion on May 23, and on June 2, plaintiffs filed notice of appeal and an application for a supersedeas bond.

Defendants objected to granting a supersedeas bond on the ground there was nothing to supersede. In support of this contention defendants submitted the affidavit of the County Superintendent, Warner Dixon, which revealed that Dixon had redrawn the district boundaries on March 31, 1967 so that the separate boundary identity of Beaver Creek was eliminated.

Plaintiffs filed a petition for citation for contempt after learning of Dixon's act, stating that it was in clear violation of the preliminary injunction. The application and petition were consolidated for hearing, and on June 23, 1967, the court denied both the application for a supersedeas bond and the petition for citation for contempt. At this point, plaintiffs filed their petition in this Court for extraordinary relief, (1) by writ of certiorari to review and annul the order denying the application for supersedeas bond and petition for contempt, and (2) by writ of mandamus to compel the County School Superintendent and the Board of Supervisors of Yavapai County to re-establish the boundary lines of Beaver Creek School District No. 26. We elected to determine the matter on the basis of certiorari.

Petitioners contend that the Superior Court exceeded its jurisdiction in denying their application for a supersedeas bond; they further contend that they have been denied the right to an effective appeal since the County School Superintendent's act of March 31, 1967 in redrawing the district boundaries, remains in effect. We do not agree.

The trial court, in its minute entry order of July 12 granting a preliminary injunction and in the language of the written preliminary injunction filed on the same day, directed that the County School Superintendent file the boundaries of Beaver Creek School District No. 26 *"as now constituted and as proposed in the petition for annexation"*, and stated that it was *stipulated by the parties and ordered by the court* that

*"on determination of this action upon its merits, said boundaries will be established according to who prevails in the principal action \* \* \*."*

We cannot read the court's order other than as meaning the Superintendent of Schools was directed to file *two* sets of boundaries— the original Beaver Creek District No. 26, and the proposed boundaries as proposed by the District's annexation to Camp Verde High School and Elementary Districts No. 28, with the intent of the parties (by stipulation) and of the court that the final boundaries should be based on those contended for by whichever party the court

would determine should prevail on the merits of the action.

■ Regardless of the propriety of the order to file two sets of boundaries, when the court indicated on August 12, 1966, by minute entry after a hearing on the merits, that it had determined the defendants prevailed, the question of the boundaries was settled in their favor. To hold that the County School Superintendent must await the signing and filing of the formal written judgment before complying with his statutory duty under § 15-402 A.R.S. (1956),[2] under these circumstances merely because petitioners (the losers by court determination) must await that formal judgment in order to appeal, would indeed be farcical.

■ The County School Superintendent in obeying the mandatory requirements of the statute and the resolution of the question by court, was certainly not guilty of

contempt. The boundaries having thus been legally established pursuant to statute, a supersedeas bond requested by petitioners upon their giving notice of appeal after formal judgment was entered could not have been effective to restore the old Beaver Creek boundaries. Therefore, a denial by the court of the supersedeas bond was not error. Plaintiffs were not precluded from prosecuting their appeal. Nor would they be without remedy to test the validity of any tax paid to the new district, if upon appeal the trial court's judgment should be reversed.

The matter is returned to the Superior Court with directions for such further proceedings as are appropriate.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.

---

2. § 15-402 A.R.S. (1956).

"A. The county school superintendent shall, on or before April 1 each year, file with the board of supervisors and the county assessor a transcript of the boundaries of each school district within the county. The boundaries shown in the transcript shall become the legal boundaries of the districts as of the following July 1.

"B. District boundaries shall not be changed except between January 1 and April 1.

"C. The boundaries of a district shall not be changed except as provided in this title and then only after the trustees of districts affected have had written notice of the proposed change from the county superintendent and have had an opportunity to be heard."